IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SAMUEL L. SNEED, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| CITY OF ALBANY, a Municipal Corporation, | * | |
| | * | |
| Defendant. | * | **JURY TRIAL DEMAND** |

**COMPLAINT**

Comes Now, Plaintiff, Samuel L. Sneed, and files his Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 et seq.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant is a municipal corporation created by the Georgia General Assembly, organized according to Georgia law, and subject

to the lawful operation of a municipal corporation under Georgia law.

4.

Defendant resides at 401 Pine Avenue, Albany, Dougherty County, Georgia 31701.

5.

This Court has personal jurisdiction over Defendant.

**VENUE**

6.

Defendant operates as a municipal corporation within the Albany Division of the Middle District of Georgia.

7.

A substantial part of the events or omissions giving rise to the claims alleged against Defendant herein occurred within the Albany Division of the Middle District of Georgia.

8.

Venue in this district is proper for Defendant pursuant to 28 U.S.C. § 1391(b-c).

**THE PARTIES**

9.

The Plaintiff is a sixty-one (61) year old male employee of Defendant, who resides in Lee County, Georgia.

10.

Defendant is a municipal corporation created by the Georgia General Assembly.

11.

Defendant may be served with summons and process by service upon its Mayor, Bo Dorough, 401 Pine Avenue, Suite 580, Albany, Dougherty County, Georgia 31701.

**FACTS**

12.

On or about September 9, 2019, the Plaintiff began his employment with Defendant as Fleet Manager Coordinator for Fleet Management.

13.

In approximately December of 2019, Defendant advertised for the position of Airport Superintendent of Operations ("Airport Superintendent").

14.

The December 2019 advertisement for the Airport Superintendent position provided for Minimum Qualifications as follows:

> Bachelor's degree in Business Management or closely related field; additionally, three (3) years progressively responsible supervisory experience in airport operations, maintenance and safety to ensure compliance with FAA Part 139, TSA 1542 and Airport

regulations and policies; **or any equivalent combination** of education, training, and experience which provides the requisite knowledge, skills, and abilities for this job. (emphasis added)

15.

On or about December 14, 2019, the Plaintiff applied for the Airport Superintendent position.

16.

The Airport Superintendent position would be a promotion for the Plaintiff.

17.

The Plaintiff met the minimum qualifications for the Airport Superintendent position.

18.

On or about January 30, 2020, the Plaintiff was interviewed for the Airport Superintendent position by David Hamilton – Director of Transportation, Towanna Howard – Deputy Director of Human Resources, and Barry Brooks – Assistant City Manager.

19.

Hamilton, Howard, and Brooks ("Interview Panel") all ranked the Plaintiff as the number one candidate and recommended that the Plaintiff be hired for the Airport Superintendent position.

20.

The Interview Panel recommendation to select the Plaintiff for the Airport Superintendent position was submitted to Sharon Subadan - City Manager.

21.

The City Manager normally accepts the recommendation of an Interview Panel.

22.

Subadan rejected the Interview Panel's recommendation selecting the Plaintiff for the Airport Superintendent position.

23.

Subadan told Hamilton to advertise the Airport Superintendent position to obtain a larger candidate pool.

24.

In or about June 2020, the Plaintiff again applied for the Airport Superintendent position.

25.

On or about July 8, 2020, the Plaintiff was interviewed for the Airport Superintendent position by the same Interview Panel of Hamilton, Howard, and Brooks.

26.

The Interview Panel again all ranked the Plaintiff as the number one candidate and recommended that the Plaintiff be hired for the Airport Superintendent position.

27.

The Interview Panel recommendation to select the Plaintiff for the Airport Superintendent position was submitted to Subadan.

28.

Subadan again rejected the Interview Panel's recommendation selecting the Plaintiff for the Airport Superintendent position.

29.

On July 21, 2020, Defendant again advertised for the Airport Superintendent position.

30.

The July 21, 2020 advertisement provided for minimum qualification equivalency for education, training, and experience.

31.

The Plaintiff met the July 21, 2020 advertisement equivalency minimum qualifications for the Airport Superintendent position.

32.

After the July 21, 2020 advertisement, the Plaintiff was not interviewed for the Airport Superintendent position.

33.

On or about August 4, 2020, Subadan told the Plaintiff that he was screened out of the interview process asserting that he did not meet the minimum qualifications for the Airport Superintendent position.

34.

On or about August 4, 2020, Subadan told the Plaintiff that he was not what she was looking for, and that she needed someone more fresher and modern who represents the future of the airport and not the past.

35.

In the fall of 2020, Defendant hired Shaun Cookson, approximately thirty-five (35) years old, for the Airport Superintendent position.

36.

The Plaintiff is better qualified than Cookson for the Airport Superintendent position.

37.

Defendant deviated from the normal selection process as a pretext for age discrimination to hire a younger candidate.

38.

The Plaintiff would have been selected for the Airport Superintendent but for his age.

39.

Defendant has engaged in illegal discrimination against the Plaintiff because of his age.

**COUNT ONE: ADEA – AGE DISCRIMINATION**

40.

Plaintiff incorporates herein paragraphs 1 through 39 of his Complaint.

41.

Defendant has engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to his non-selection/promotion to the Airport Superintendent position.

42.

Defendant's conduct violates the ADEA.

43.

On October 7, 2020, the Plaintiff filed a timely Charge of Discrimination alleging age discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  (A true and accurate copy of EEOC Charge of Discrimination #410-2021-00070 is attached hereto as Exhibit A)

44.

On or about May 4, 2023, the Plaintiff received his "Notice Of Right to Sue" letter from the EEOC for his Charge of Discrimination. (A true and accurate copy of the EEOC "Notice of Right to Sue" letter for EEOC Charge of Discrimination #410-2021-00070 is attached hereto as Exhibit B)

45.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his " Notice Of Right To Sue" letter from the EEOC.

46.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

47.

Defendant's discriminatory conduct, in violation of the ADEA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

48.

Defendant's actions have not been grounded in good faith and have not been based upon reasonable grounds, entitling the Plaintiff to liquidated damages under 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

49.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to promote the Plaintiff to the position of Airport Superintendent of Operations;

2. That the Court grant full front pay to the Plaintiff;

3. That the Court grant full back pay to the Plaintiff;

4. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

5. That the Court grant Plaintiff liquidated damages under the ADEA;

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the ADEA and/or 42 U.S.C. § 1988;

7. That the Court grant Plaintiff a jury trial;

8. That the Court grant Plaintiff all other relief the Court deems just and proper; and

9. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this <u>28th</u> day of July 2023.

                                    **THE REDDY LAW FIRM, P.C.**

                                    <u>/s/K. Prabhaker Reddy</u>
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net